### CRATE *v.* DACORA.

(*Supreme Court, General Term, Third Department.* July 11, 1891.)

1. SLANDER—EXCESSIVE DAMAGES—CIRCUMSTANCES OF PARTIES.
   A verdict rendered in an action for slander will not be set aside as excessive, considering the humble position and fortune of the parties, where there is no evidence of passion or prejudice on the part of the jury, and the jury were instructed to consider the standing and circumstances of the parties.

2. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
   Where evidence in an action for slander is excluded on the ground that it did not appear to refer to the time to which it was directed, such ruling will not be considered on appeal, where the attention of the trial court was not called to the facts alleged to render the evidence admissible.

Appeal from circuit court, Clinton county.

Action by Delia Crate against Jarvis Dacora for slander. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*S. L. Wheeler*, for appellant. *Palmer, Weed & Kellogg*, for respondent.

LANDON, J. The defendant repeatedly spoke the slanderous words imputing unchastity to the plaintiff. The court charged the jury that the only question was one of damages, and the jury rendered a verdict of $1,500. The defendant says this is excessive, and founds his claim largely upon the humble position and fortune of the parties. The court instructed the jury to consider the standing and circumstances of the parties. The jury of the county no doubt gave to these matters much better consideration than we can; and, as we see nothing to indicate that the jury were actuated by passion, prejudice, or unfairness, we do not feel at liberty to interfere. The defendant offered in evidence a book in which the plaintiff had written to the effect that she had said enough to the defendant. "It was a satisfaction to me to tell him the truth,—that he was a whore-house runner." This was excluded upon the ground that it did not appear to refer to the time to which the evidence was directed. If, as the defendant now insists, the court was mistaken, the counsel should have called his attention to the facts tending to connect this writing with the matters in evidence. If the paper referred to matters subsequent to the slanders uttered by defendant, it did not provoke them; if prior to or contemporaneous with them, the defendant should have supplied the proof, or asked leave to do so. The paper was treated by the court as if it did not speak of the *res gestæ* of the matters in issue, and the defendant did not show, or offer to show, that the court was mistaken. Judgment affirmed, with costs. All concur.